Hillsborough, }
Feb. 4, 1919. }

### ARTHUR F. WHEAT & a. v. OVID CARTER.

Where an injury does not result from a single indivisible act but from successive
   wrongful acts by different persons and a release has been given to the first
   wrongdoer, the release is not necessarily a bar to an action by the releasor
   against the others, but the test is whether the release was given upon satis-
   faction for all the loss which might be sustained as the result of the original
   wrong or only for that part of the loss which immediately resulted therefrom.

PETITION, for an injunction. Hearing by *Kivel*, C. J., who found
that the defendant injured his hand on October 27, 1915, and em-
ployed the plaintiffs to treat the wound. They burned his hand on
November 5, while examining the wound with an x-ray machine.
The effect of the burn was noticeable by November 16, and the full
extent of the injury was apparent a few days later. The defendant
was employed by Fellows & Son at the time his hand was injured and
he gave them a release of all claims and demands he might have
against them on December 7. Later the defendant brought a suit
against the plaintiffs to recover the loss he sustained as the result
of their use of the x-ray machine. The court ruled that the release
was not necessarily a bar to the suit, and found that the defendant's
loss did not result from a single indivisible wrongful act and dismissed
the petition. Transferred by *Kivel*, C. J., from the January term,
1918, of the superior court on the plaintiffs' exceptions to that ruling
and finding.

*Taggart, Tuttle, Wyman & Starr* (Mr. *Chester B. Jordan* orally),
for the plaintiffs.

*Jones, Warren, Wilson & Manning* (Mr. *Warren* orally), for the
defendant.

YOUNG, J. It is settled in this state that the release of one joint
tort-feasor is a bar to a suit against the others; and that is also true
as to the effect of a release when the releasor's loss is caused by the
concurrent misconduct of the releasee and others. *Carpenter* v.
*Company*, 78 N. H. 118. That, however, is all the *Carpenter* case
decides.

The question, therefore, of the effect of a release in a case like this

is an open one in this jurisdiction, and there is nothing which can be called a consensus of opinion in other jurisdictions as to the effect of a release of one wrongdoer on the releasor's right to sue the others even in cases in which his loss results from their concurrent misconduct, to say nothing of its effect when as in this case the releasor's loss resulted from successive wrongful acts. 14 L. R. A. (N. S.) 322, note. In other words, an examination of the cases in which the effect of a release of one tort-feasor has been considered, will show: (1) that all courts hold that the release of one joint tort-feasor is a bar to a suit against the others; (2) most courts hold that that is true when the releasor's loss is caused by the concurrent misconduct of two or more persons, (L. R. A. 1917 A 273); and (3) that when the releasor's loss is caused by the successive acts of two or more persons, most courts hold that the release of one is not necessarily a bar to a second suit. Since this is so, it will be necessary to determine the rule to be applied to decide the rights and liabilities of the parties to this proceeding. When we are considering this question it will be helpful to have clearly in mind the foundation on which the rule rests.

It is said that the rules of the common law are logical deductions from the fundamental principles of justice and that these principles are evidenced by the decided cases; and an examination of the cases in which the rule in question has been considered will show that it depends for its validity on the proposition that it is inequitable to permit one who has been fully compensated for a loss to recover compensation a second time for the same loss. *Lovejoy* v. *Murray*, 3 Wall. 1, 17.

The reason, therefore, that a settlement with one of several tort-feasors is ever a bar to a suit against the others, is because he has been fully compensated for the loss for which he is seeking to recover in the second suit. Since this is so, the question in this case is whether the defendant has already been compensated for the loss he sustained as the result of the plaintiff's use of the x-ray machine — not as the plaintiffs contend, whether Fellows & Son may have been liable for that loss. In other words, the test to determine whether the release is a bar to his suit against the plaintiffs is to inquire as to the extent of the claim he made at the time he settled with Fellows & Son. Was he claiming to recover all the loss he sustained as the result of the original injury to his hand or only the loss which resulted immediately from that injury? However the fact may be in other states, in this jurisdiction the issue raised by that inquiry is an

issue of fact to be determined, like all such issues, by the weight of competent evidence. The question, therefore, which is raised by the plaintiffs' exception to the sufficiency of the evidence is whether it will warrant a finding that the defendant has not been compensated for the loss he is seeking to recover from the plaintiffs. It is permissible when considering that issue, to consider the defendant's testimony even though it may contradict the terms of the release. *Libby* v. *Company*, 67 N. H. 587; *Glidden* v. *Newport*, 74 N. H. 207, 209. In short, notwithstanding Fellows & Son may have been liable for all the loss the defendant sustained, and the release included all claims he might have against them, it is permissible for him in this proceeding to show just what he was claiming when he settled with them, for the plaintiffs were not parties to the release. In other words, the release in and of itself is not a bar to the defendant's suit against the plaintiffs, but if he has already been compensated by Fellows & Son for the loss he is seeking to recover in that suit, that fact is a bar to the suit.

If the exception to the evidence is intended to raise the question of the sufficiency of the evidence to warrant the finding that this defendant has not been compensated for the loss, it is enough to say that is the effect of his testimony, for he says he relied on the promise of one of the plaintiffs to "fix it all right" after his hand healed. If this exception is intended to raise the question of the sufficiency of the evidence to sustain a finding that the defendant's loss did not result from a single indivisible wrongful act, it is enough to say that is the only finding the evidence will sustain. It is true, as the plaintiffs contend, there is no specific finding that the defendant made no claim against Fellows & Son for the loss he sustained as a result of the plaintiffs' misconduct; but the general finding is in his favor and that, as the case now stands, must be held to include such a finding, for that is essential to its validity.

If, as the plaintiffs contend, the court has not in fact passed on that question, they should apply for a further hearing, or for an amendment of the case in the superior court.

*Exceptions overruled.*


PLUMMER, J., was absent: the others concurred.