ELEANOR SACCHETTI *vs.* ERNEST SPRINGER.

Suffolk.    October 7, 1937. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Actionable Tort. Damages,* For tort. *Negligence,* Physician. *Judgment.*

A plaintiff, who has recovered full damages in an action for personal
  injuries against a city at the trial of which there was no instruction
  to the jury that would have prevented them from awarding damages
  for any aggravation of his injury due to negligence of a physician who
  had attended him for his injury before the trial, could not afterwards
  maintain an action against the physician for negligence in that treat-
  ment.

TORT.    Writ in the Superior Court dated November 16,
1931.

There was a finding for the defendant by *Sisk,* J.    The
case was submitted on briefs in this court.

*F. Juggins, B. Kaplan, & M. Hirsh,* for the plaintiff.

*J. N. Clark,* for the defendant.

LUMMUS, J.    The plaintiff sustained bodily injury on
April 11, 1931, by reason of an alleged defect in a way in
Boston, and on June 2, 1931, brought an action against the
city for damages under G. L. (Ter. Ed.) c. 84, § 15.    On
May 28, 1935, she obtained a verdict for $3,000, and after-
wards the defendant waived motions by which it had
attacked the verdict.    By agreement judgment was entered
for $3,000 and costs on June 21, 1935, and the execution
was returned satisfied in full.

On November 16, 1931, she brought the present action
of tort against the physician who treated her injury, after
her left leg had become swollen and septic, from about
April 15, 1931, until April 21, 1931.    He advised injections
of serum to counteract the septic condition.    This advice,
the plaintiff alleges, was negligent, and the injections aggra-
vated the injury.

At the trial of the action against the city, the entire
course of the injury and suffering of the plaintiff up to the

time of the trial was put in evidence. There was evidence that her injury resulted in erysipelas, and that various parts of her body were affected. The judge instructed the jury that any injuries, temporary or permanent, that resulted from the original injury (which was described as an "abrasion"), were injuries for which the plaintiff was entitled to recover from the city. He added: "This is her day in court. It is the only time that she can come before a jury asking for compensation for injuries resulting from this particular set of facts." There was no instruction that would prevent the jury from awarding damages for any aggravation of the injury caused by negligence of the present defendant. The jury knew that damages could be awarded up to $4,000. G. L. (Ter. Ed.) c. 84, § 15. They awarded $3,000.

The law is well settled that, in an action of tort for negligence causing bodily injury, the negligence of a physician, properly chosen, in treating that injury does not destroy the causal connection between that injury and the consequent suffering, even so much of the suffering as arises from the negligent treatment and would not have arisen if the injury had been properly treated. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 147, 148. *Burns's Case*, 218 Mass. 8, 11. *Purchase* v. *Seelye*, 231 Mass. 434, 436, 437. *Vatalaro* v. *Thomas*, 262 Mass. 383, 387. *Atamian's Case*, 265 Mass. 12, 15. *Jordan* v. *Orcutt*, 279 Mass. 413, 416. *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 174. See also *Kos* v. *Brault*, 250 Mass. 467, 470; *Morrison* v. *Medaglia*, 287 Mass. 46, 50.

The judgment against the city, which was satisfied, included in contemplation of law, as it doubtless did in fact, compensation for all the injuries for which the plaintiff now seeks to recover against the present defendant. *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, 455, and cases cited. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 180. *Cole* v. *Bay State Street Railway*, 223 Mass. 442. *Canning* v. *Shippee*, 246 Mass. 338, and cases cited. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 389. *Magaw* v. *Beals*, 272 Mass. 334, 338. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 285,

286. She has no right to be satisfied twice. *Karcher* v. *Burbank, ante,* 303, 305. The judge rightly ruled that the plaintiff could not recover against the present defendant.

*Exceptions overruled.*