501 P.2d 447

Jean CIMINO, Appellant,

v.

James D. ALWAY and Mrs. James D. Alway, his wife, individually and as husband and wife, Appellees.

No. 1 CA–CIV 1793.

Court of Appeals of Arizona, Division 1.

Sept. 26, 1972.

As Amended on Denial of Rehearing Nov. 9, 1972.

Review Denied Dec. 12, 1972.

Manfred R. Wetzel, Phoenix, for appellant.

Snell & Wilmer, by Warren E. Platt, Phoenix, for appellees.

HOWARD, Judge.

The facts necessary to determine this appeal are as follows. On or about May 23, 1966, appellant, Jean Cimino, sustained an injury to her foot while shopping at Globe Discount City in Phoenix, Arizona. The injury was a result of a number of paint cans falling on her left foot. On or about June 8, 1966, appellant sought the professional services of the appellee, Dr. James D. Alway. On June 23, 1966, Dr. Alway performed surgery on the first metatarsalphalangal joint of appellant's left foot. She continued to see Dr. Alway for approximately one year.

Because appellant's foot continued to hurt her, she consulted a Dr. Myron Westerkamp. She first saw him on May 16, 1968. Ultimately, on July 1, 1968, Dr. Westerkamp performed surgery on appellant's left foot. On February 28, 1967, prior to the time that she consulted with Dr. Westerkamp but subsequent to the time of the operation by Dr. Alway, appellant filed a suit in the Superior Court of Maricopa County against Globe Discount City. That suit sought recovery for the personal injuries appellant alleged she had incurred as a result of the paint cans falling on her. In her complaint, appellant alleged that as a result of the conduct of the defendant Globe Discount City she underwent surgery on June 23, 1966, and that future medical expenses would be incurred including further future operations in addition to the operation already performed. This suit was tried to a jury, beginning on November 18, 1968, and a verdict was returned in appellant's favor and against Globe Discount City in the amount of $2,500.00. Subsequently, the court granted an additur of $2,500.00. A form of judgment for $5,000.00 was submitted by appellant's counsel and approved by the trial judge. The judgment was paid and satisfaction of judgment was entered on the record by appellant.

On September 25, 1969, appellant filed this action against Dr. Alway. The complaint was originally in three counts. Subsequent to the complaint being filed, appellees filed a motion to strike and motion to dismiss. The third count and certain portions of the first and second counts of appellant's complaint were stricken. The remaining portions of her complaint alleged two theories of recovery: First, that she is entitled to recover for damages for personal injury inflicted upon her because of malpractice on the part of appellee Dr. Alway. As to this theory appellant alleges the occurrence of the accident on May 23, 1966, in Globe Discount City where the paint cans fell on her left foot, and that on June 8, 1966, Dr. Alway examined these injuries and treated them but did so negligently in that he improperly performed a surgical operation on her foot.

The second theory alleged is that Dr. Alway gave "false testimony" at the time of her trial against Globe Discount City. The trial court granted partial summary judgment on the issue of malpractice leaving the allegation of "false testimony" intact. Appellant appeals from the partial summary judgment.

The motion for partial summary judgment was supported by a deposition of Dr. Westerkamp, pleadings on file and an affidavit filed by Dr. Alway. The response to the motion did not refer to any pleadings, depositions or affidavits. We only mention this fact at this time since it appears that on appeal, appellant has included a partial transcript of the Globe Discount trial. In her opposition to the motion for summary judgment filed in the trial court, appellant's counsel refers to certain portions of the transcript, however, this partial transcript was never presented to the trial court, was filed in the trial court only after the granting of the motion for partial summary judgment and cannot be considered by this court on appeal. *Cf.*

Esborg v. Bailey Drug Co., 61 Wash.2d 347, 378 P.2d 298 (1963).

The trial court in making its ruling, had before it the complaint filed against Globe Discount City alleging the original injury and surgery by Dr. Alway; the minutes of the Globe Discount trial showing that Dr. Westerkamp was sworn and testified; an affidavit by Dr. Alway stating that the surgery he had performed was part of the treatment for appellant's injuries; the complaint in the instant case alleging negligent treatment of the injuries by the improper performance of surgery by Dr. Alway; the jury instructions on damages and the judgment and satisfaction of judgment in the Globe Discount City trial and; the deposition of Dr. Westerkamp in the case *sub judice*.

Rule 56(e), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., states in part:

> ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In opposition to the motion for summary judgment appellant's counsel asserted that at the Globe Discount City trial Dr. Alway testified that the surgery he performed was for a previously existing deformity in appellant's foot and did not arise as a consequence of the injuries caused by the incident at Globe Discount City. These statements by counsel are not in the form prescribed by the foregoing rule. Mere assertions of fact made by counsel in his memoranda or brief are not

entitled to consideration on the motion for summary judgment. Lane v. Greyhound Corp., 13 F.R.D. 178 (D.C.E.D.Ky.1952); United States v. Jones, 155 F.Supp. 52 (D. C.M.D.Ga.1957); James v. H.M.S. Port Lyttleton Port Line Ltd., 51 F.R.D. 216 (D.C.E.D.Pa.1971). Appellant made no attempt to amend her complaint to conform to the theory espoused in his memoranda.[1]

In her Answers to Interrogatories the appellant states that Dr. Alway testified in the Globe Discount City case that she should have completely recovered and that her complaints were in her mind; that everything was fine and that she had a good result from the surgery he had performed and should have recovered within 90 days after his operation. This testimony by appellant raises the key issue in this case, to-wit: Whether the satisfaction of the judgment entered in the Globe Discount City case establishes that appellant has already received satisfaction for the injuries alleged to have resulted from the malpractice charged against the appellees so that maintenance of the malpractice action is barred.

Summary judgment should not be granted if, on examination of the entire record, it is determined that there is a disputed fact which, if true, could affect the final judgment; litigants are entitled to a trial where there is the slightest doubt as to the facts. Livingston v. Citizen's Utility, Inc., 107 Ariz. 62, 481 P.2d 855 (1971). In considering a motion for summary judgment the reviewing court must view the evidence in the light most favorable to the losing party and give such party the benefit of all favorable inferences that may be reasonably drawn therefrom. Livingston v. Citizen's Utility, Inc., supra.

With these judicial shibboleths in mind we turn our attention to the issue of this appeal. Does a satisfaction of a judgment

---

1. We note that appellees' motion for summary judgment was not supported as provided by Rule 56(e) as amended, Ariz.R. Civ.P., 16 A.R.S. The court was not asked, for purposes of the motion, to take judicial notice of the file in the case of Cimino v. Globe Discount City and the documents appended to their motion were not sworn or certified copies.

against the original tort-feasor bar an action against an attending doctor for malpractice in his treatment of the initial injury? Appellees answer this question in the affirmative relying on what can be termed the "traditional view." This view holds that since the injured person may recover from the party responsible for the original injury, damages flowing from the subsequent negligent medical treatment of said injury, recovery from or settlement with the original wrongdoer in and of itself bars a recovery against the doctor charged with having aggravated that injury by negligent and unskillful treatment. For cases representing the majority rule *see* Farrar v. Wolfe, 357 P.2d 1005 (Okl. 1960); Williams v. Dale, 139 Or. 105, 8 P.2d 578 (1932); Thompson v. Fox, 326 Pa. 209, 192 A. 107 (1937); Makarenko v. Scott, 132 W.Va. 430, 55 S.E.2d 88 (1949); Hartley v. St. Francis Hospital, 24 Wis.2d 396, 129 N.W.2d 235, 130 N.W.2d 1 (1964); *see also* Annot. 50 A.L.R. p. 1057 et seq.; 82 A.L.R. p. 932 et seq.; 112 A.L.R. p. 553 et seq.; 39 A.L.R.3d p. 263 et seq. and cases cited in 61 Am.Jur.2d Physicians, Surgeons, and Other Healers § 221 (1972); 76 C.J.S. Release § 50, p. 691 (1952).

The reasons underlying the traditional view have been variously stated as follows: The injured party has a legal remedy only to obtain compensation for the damage done to him and when that compensation has been received from the wrongdoer, his right to further remedy is at an end; the damages aggravated by the negligence of a physician who treated the injury are entire and indivisible and for the injury and its aggravation the injured person may have but one full satisfaction; the injury resulting from the joint action of the wrongdoers is a single injury and constitutes the basis for a single cause of action; it must be presumed that a settlement with one of the joint tort-feasors represents full satisfaction of the entire claim and that any further recovery would involve double compensation for the same injury. We do not believe any of these reasons are so

persuasive or decisive as to compel us to adopt a conclusive and arbitrary rule of law to the effect that settlement with, or satisfaction by, the original tort-feasor *ipso facto* discharges the cause of action for malpractice against the attending physician, notwithstanding the absence of full satisfaction of both injuries in fact of intendment.

The doctrine of unity of discharge regardless of intent and full satisfaction in fact as espoused by the traditional view has been severely criticized by modern commentators and its disapproval is more particularly emphasized in the following statement by W. L. Prosser, Law of Torts (4th ed. 1971) p. 302:

> "Even as applied to cases of concerted action, the rule seems at best an antiquated survival of an arbitrary common law procedural concept, arising out of long forgotten semi-criminal forms of action; and it has no reasonable application at all to cases of mere concurrent negligence. The fear of double recovery is meaningless, since the amount paid under the release must be credited to the second tort-feasor in any case. . . ." See Selby v. Kuhns, 345 Mass. 600, 188 N.E.2d 861 at p. 864 (1963); Derby v. Prewitt, 12 N.Y.2d 100, 236 N.Y.S.2d 953, 187 N.E.2d 556, 558 (1962).

In recent years, a number of those courts formerly supporting the traditional rule have repudiated it, and some courts, when faced with the problem for the first time, have rejected it. Thus, a sizable number of courts now support a modern rule that a release by an injured party of the one responsible for the injury does not of itself, in the absence of language indicative of such intention on the part of the parties, preclude an action by the injured party against the negligently treating physician or surgeon, at least unless there has been full compensation for the injured party's total injuries. Rudick v. Pioneer Memorial Hospital, (9th Cir.1961), 296 F.2d 316; Leech v. Bralliar, 275 F.Supp. 897 (D.C.Ariz.1967); Ash v. Mortensen, 24

Cal.2d 654, 150 P.2d 876 (1944); Dickow v. Cookinham, 123 Cal.App.2d 81, 266 P.2d 63 (1954); Smith v. Conn, 163 N.W.2d 407 (Iowa 1968); Selby v. Kuhns, 345 Mass. 600, 188 N.E.2d 861 (1963); Jones v. Bouza, 7 Mich.App. 561, 152 N.W.2d 393 (1967), affd. 381 Mich. 299, 160 N.W.2d 881 (1968); Couillard v. Charles T. Miller Hospital, Inc., 253 Minn. 418, 92 N.W.2d 96 (1958); Hansen v. Collett, 79 Nev. 159, 380 P.2d 301 (1963); Wheat v. Carter, 79 N.H. 150, 106 A. 602 (1919); Daily v. Somberg, 28 N.J. 372, 146 A.2d 676 (1958); Galloway v. Lawrence, 263 N.C. 433, 139 S.E.2d 761 (1965); DeNike v. Mowery, 69 Wash.2d 357, 418 P.2d 1010 (1966); *see also* Annot. 39 A.L.R.3d 260, 273, § 4. The rationale of the modern rule is well expressed by Judge Fuld in Derby v. Prewitt, supra:

"As to the first asserted basis for the rule, it is obvious that the taxicab driver and the doctor, having neither acted in concert nor contributed concurrently to the same wrong, are not joint tort-feasors. (See Matter of Parchefsky v. Kroll Bros., 267 N.Y. 410, 413–414, 196 N.E. 308, 310–311, 98 A.L.R. 1387.) Their wrongs were independent and successive, rather than joint, and this being so, the plaintiff had not one but two separate and distinct causes of action, one against the cab driver for the negligent operation of his vehicle and the other against the doctor for his alleged malpractice in treating the fracture which the plaintiff sustained in the automobile accident. It is true that the driver could have been held liable for the aggravation of the injury caused by the doctor's negligence but, as pointed out above, that liability is not the result of any concept of joint wrongs but is rather the product of the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others. Conversely, it would defy reason to hold the physician liable for injuries caused by the original wrongdoer which were not the consequences of his own carelessness, and no one suggests that a release of the doctor would completely discharge the original wrongdoer.

Nor does the second asserted reason for the release doctrine—the presumption of full satisfaction—make any sense in the context of this case. Irrebuttable presumptions have their place in the law but only where public policy demands that inquiry cease. Where the cause of action is single and the liability of one wrongdoer is identical with that of the other, there may be warrant for erecting such a barrier to suit after settlement. However, where, as here, neither of these elements is present, there is no basis or justification for preventing the plaintiff, by an artificial rule of law, from recovering the full compensation to which she would otherwise be entitled for her injuries." 187 N.E.2d 556, 559.

Analogizing to release and discharge cases, some jurisdictions have held that a judgment against the original wrongdoer and a satisfaction of the judgment does not necessarily act as a bar to a later action against a negligent physician or surgeon. Thus in Selby v. Kuhns, supra, the court held that satisfaction of a judgment against the original tort-feasor did not discharge the cause of action for malpractice, but in the trial against the doctor it would be necessary to determine whether the amount paid on the judgment was full satisfaction in fact of the malpractice claim and if not the uncompensated amount of that claim. The concepts of Selby v. Kuhns, supra, were followed, in part, by the New Jersey Superior Court, appellate, Division, in Knutsen v. Brown, 96 N.J.Super. 229, 232 A.2d 833 (1967).

We note that in the *Selby* case the Massachusetts court was careful not to overrule its earlier case of Sacchetti v. Springer, 303 Mass. 480, 22 N.E.2d 42 (1939). In *Sacchetti* the defendant showed that

plaintiff had satisfied judgment in the amount of the jury verdict. He also showed that the specific aggravations caused by the alleged malpractice had been claimed in the first action in which the jury had been instructed this was "the only time that . . . [the plaintiff could ask] for compensation for injuries resulting from this particular set of facts." There had been no instruction that would prevent the jury from awarding damages for any aggravation of the injury caused by the negligence of the original tort-feasor. The court in holding the judgment satisfaction in the original action a bar stated: "The judgment against the city, which was satisfied included in contemplation of law, as it doubtless did in fact, compensation for all the injuries for which the plaintiff now seeks to recover against the present defendant. . . . She has no right to be satisfied twice."

In the later case of Selby v. Kuhns, supra, the court distinguished *Sacchetti* by pointing out that in *Sacchetti* the facts clearly showed that the plaintiff had already been compensated for his injuries in the original action, and held that a satisfaction of a judgment against the original tort-feasor does not discharge the cause of action for malpractice but that in the trial against the doctor it would be necessary to determine whether the amount paid on the judgment was full satisfaction in fact of the malpractice claim and, if not, the uncompensated amount of that claim.

The case of Knutsen v. Brown, supra, also involved a case where there was satisfaction of a judgment against the original tort-feasor. In upholding the trial court's denial of summary judgment in a malpractice action against the physician the court pointed out that unlike the situation in the case of a release, the issue of whether a plaintiff who has received full satisfaction of a judgment entered against the original tort-feasors following a contested trial has received full compensation is not to be resolved by oral testimony. Rather, it is to be resolved from an examination of the record of the action against the original tort-feasor and a determination therefrom whether the judgment entered therein represented an award to the plaintiff for all the loss he sustained from the original injury, including that now claimed to have resulted from the alleged malpractice, or whether the recovery represented only the injury which resulted immediately from the automobile accident, independent of the additional harm caused him by the alleged negligence, mistake or lack of skill of defendant doctor.

We believe the analysis of the problem as set forth by the New Jersey court in Knutsen v. Brown, supra, and those cases which follow the modern rule is the correct approach. If the judgment in the first action is found to encompass an award for all the injuries sustained by appellant, including those now alleged to be attributable to Dr. Alway's malpractice, then the satisfaction of the judgment bars the instant suit to recover for a portion of the total injuries. Restatement, Judgments § 95, including comment c; W. L. Prosser, Law of Torts (4th ed. 1971) p. 300.

Appellees contend that since appellant could have asserted and recovered for the total loss in the first action under the accepted rule that "where a person has suffered personal injuries by reason of another's negligence, the tort-feasor is liable for any additional harm and expense caused by the injured person by the negligence, mistake or lack of skill of the attending physician or surgeon", Annot., 100 A.L.R.2d 808, 813 (1965), she cannot maintain this action. We do not agree.[2] The issue is not what she could have asserted, but rather, did the judgment in the action in fact represent an award for her entire loss? That issue is to be decided by comparing the injuries for which appellant

2. See Fox v. Weissbach, 76 Ariz. 91, 259 P.2d 258 (1953) and Spettigue v. Mahoney, 8 Ariz.App. 281, 445 P.2d 557 (1968) on the issue of collateral estoppel.

seeks to recover in the present action with those for which she obtained recovery in the prior action. Appellees have the burden of proving that the judgment in the first action included appellant's entire loss. Knutsen v. Brown, supra. Since the record at this time is not clear as to whether the judgment in the original action included damages for the injuries of which the appellant now complains, summary judgment was not properly granted. *Cf.* Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1968).

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.