Carlos **BIRMINGHAM**, Appellant,

v.

Joel A. **BERRYHILL**, Jr. and **William** A. **Goodwin**, Jr., Appellees.

No. 48412.

Supreme Court of Oklahoma.

Nov. 30, 1976.

Frank R. Hickman, Tulsa, for appellant.

E. Lee Grigg, Tulsa, for appellee, Joel A. Berryhill, Jr.

Dan A. Rogers, Tulsa, for appellee, William A. Goodwin, Jr.

BERRY, Justice:

Plaintiff filed action for damages resulting from alleged malpractice of defendants. Trial court sustained defendants' motion for judgment on pleadings.

Court of Appeals, Division 1, reversed and remanded with directions. Defendants petition for certiorari.

Plaintiff's petition indicates he received injuries to his mouth and teeth in automobile accident occurring on October 1, 1972. During October 1972, he employed defend-

ant dentists. They constructed bridgework and installed it in February 1973.

Plaintiff seeks damage resulting from improper installation of bridgework. He contends he lost full use of implantation in April 1973, again in June 1973, and again in August 1973.

Defendants' answer denied negligence. It also alleged plaintiff obtained consent judgment for $4,000 against driver of other automobile [Shaw] on January 18, 1973. Shaw paid judgment and was released. Defendants contend this release bars plaintiff from seeking relief against defendants.

In his reply plaintiff alleged [1] settlement was not intended as full payment for injuries, [2] he did not execute general release, [3] in settling suit he did not intend to release defendants from future malpractice.

Trial court sustained defendants' motion for judgment on pleadings.

Trial court relied on *Farrar v. Wolfe,* Okl., 357 P.2d 1005. There plaintiff sued for injuries resulting from fall in hospital. She settled action against hospital and executed general release to hospital on May 6, 1958.

On July 8, 1958, she filed malpractice action against physician for damages resulting from negligent treatment of injuries suffered in fall.

There we held in paragraph one of syllabus:

"There can be no recovery in a malpractice suit by one who has sustained personal injuries in consequence of a third person's negligence, against a physician for negligent aggravation of said injuries by improper treatment, after a settlement with full release ('Release of All Claims') of the tort-feasor who caused the injuries."

In that case we quoted from 41 A.L.R.2d 1078, as follows:

" * * * it is the great weight of authority that a general release executed in favor of one responsible for the plain-

tiff's original injury, at least if a different intention is not positively revealed by the language of the release, or the circumstances, precludes an action against a physician or surgeon for damages incurred by his negligent treatment of the injury, at least in the absence of a finding that the negligence of the physician or surgeon produced an entirely new injury."

The reasoning supporting majority rule is that tortfeasor is liable for additional bodily harm resulting from efforts of third persons to render aid to injured party and to allow injured party to recover from both original tortfeasor and treating physician would permit double recovery. *Hull v. Wolfe,* Okl., 393 P.2d 491; *Cimino v. Alway,* 18 Ariz.App. 271, 501 P.2d 447, at 450; Annotation, Physician-Negligent Treatment, 39 A.L.R.3d 260, at 263–264.

In recent years a number of cases have repudiated "majority" rule. 39 A.L.R.3d 264; *Fieser v. St. Francis Hospital and School of Nursing, Inc.,* 212 Kan. 35, 510 P.2d 145; *Thornton v. Charleston Area Medical Ctr.,* W.Va., 213 S.E.2d 102; *Cimino v. Alway,* supra; *Smith v. Conn,* Iowa, 163 N.W.2d 407; *Hansen v. Collett,* 79 Nev. 159, 380 P.2d 301; *DeNike v. Mowery,* 69 Wash.2d 357, 418 P.2d 1010.

These cases hold that whether release constitutes bar to action against treating physician is question of intent of parties to release.

We conclude *Farrar v. Wolfe,* supra, is distinguishable from present case. Therefore, we need not determine whether we should repudiate a majority "rule."

The opinion in *Farrar v. Wolfe,* supra, does not indicate whether plaintiff was aware of treating physician's malpractice at time she released original tortfeasor.

Present case is distinguishable because plaintiff's allegations indicate malpractice did not occur, or he did not become aware of it, until after settlement with original tortfeasor. Therefore, if these allegations are true, plaintiff was not aware of mal-

practice at time he entered settlement, and there is no possibility of double recovery.

To hold defendants were released under these circumstances would not only prevent double recovery by plaintiff, it would prevent plaintiff from recovering all damages he incurred, and would give windfall to defendant dentists who were in no way parties to release.

We adopt the reasoning of *DeNike v. Mowery*, supra, wherein the court considered similar case and stated:

"* * * neither Mr. DeNike nor his counsel had any reason to suspect malpractice until some five months after the settlement * * * Thus, there can be no question that the amount of the settlement—whether secured by a release or by a consent judgment—was not intended to cover the harm, or the risk of harm, of negligent treatment.

"* * * in the instant case, the consent judgment could not possibly have been entered with a view to covering the damages incident to negligent treatment, since Mr. DeNike had no knowledge, nor should he have known, of Dr. Mowery's failure to comply with the standards of medical practice * * *

"* * * Where, as herein, they had no reason to consider the possibility of malpractice, the subsequently executed release (or entry of consent judgment) does not discharge the negligent treating physician."

We conclude trial court erred by sustaining defendants' motion for judgment on pleadings.

Certiorari granted, opinion of Court of Appeals vacated, judgment of trial court reversed and remanded with directions to proceed in accordance with principles enunciated herein.

WILLIAMS, C. J., and IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

DAVISON, and DOOLIN, JJ., concur in results.