Merrimack
No. 82-425

DEHBRA GAGNON

v.

LAKES REGION GENERAL HOSPITAL & a.

August 31, 1983

*Frederick T. Greenhalge*, of Concord, by brief and orally, for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Margaret H. Nelson* on the brief and orally), for the defendants.

BATCHELDER, J. The sole issue before us in this case arising out of an automobile accident is whether a "general" release executed by the plaintiff and given to the operator of the automobile, in settlement of the plaintiff's claims resulting from the auto accident, precludes an action by the plaintiff against the attending physicians and the hospital for negligent treatment of the injury. We hold that it does not.

In August 1978, the plaintiff was injured while a passenger in a car involved in a single-car accident in Ashland, New Hampshire. The accident caused injuries to the plaintiff's right leg, for the treatment of which she was immediately taken to Lakes Region General Hospital and treated by the defendant Dr. Peter F. Walkey and the defendant Dr. William J. Baker. The plaintiff was released from the hospital on the same evening. She, however, continued to suffer from the injury to her leg, and upon returning home that evening, she went to Concord Hospital for further treatment. Subsequently, she underwent surgery to an artery and had to participate in physical therapy to improve the condition of her leg. Allegedly, complications experienced by the plaintiff were the result of the defendants' negligent treatment.

The plaintiff, having brought suit against the operator of the automobile, settled the claims against him and his insurance company for $26,000, the policy coverage limit. In return, she gave the operator and his insurer a release from liability which stated, in pertinent part, that the plaintiff released:

> "[The operator] and [his liability insurer] and any and all
> other persons, firms and corporations of and from any and
> all actions, causes of action, claims or demands for dam-

ages, costs, loss of use, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence or accident that happened on or about the 19th day of August 1978, at or near exits 22 and 23 on Route 93, just south of Ashland, New Hampshire."

The defendants in this case moved to dismiss, contending that this release barred any subsequent suit for negligent treatment by the plaintiff against them. The Trial Court (*DiClerico*, J.) granted the motion to dismiss. The plaintiff then moved for a rehearing, requesting that she be permitted to introduce evidence that the settlement did not compensate her for all her damages, and that the release was not intended to cover the damages caused by, and properly recoverable from, the defendants. After a hearing on the motion, the trial court ruled that parol evidence as to whether the release was intended to release the named defendants was not admissible, and that the plaintiff did not show by clear and convincing proof that the release was not applicable to them. The plaintiff appealed these rulings alleging, *inter alia*, that RSA 507:7-b (Supp. 1979) modified prior law so that a release of one tortfeasor is not deemed to discharge any other tortfeasors unless they are specifically named in the release.

RSA 507:7-b (Supp. 1979), which governs the effect of a general release in cases involving joint tortfeasors, provides:

"When a release or covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury to person or property or for the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide; but it reduces the claim against the others in the amount of the consideration paid for it."

RSA 507:7-b (Supp. 1979) is inapplicable to the instant case because the defendant physicians and hospital are not joint tortfeasors *vis-à-vis* the driver of the automobile who settled with the plaintiff. Rather, they are successive or independent wrongdoers who are not liable for the same loss as the driver because their liability arises solely from their alleged negligent conduct which aggravated the plaintiff's existing injury. *Derby v. Prewitt*, 12 N.Y.2d 100, 105, 187 N.E.2d 556, 559 (1962); W. PROSSER, HANDBOOK OF THE LAW OF

764

TORTS § 52, at 320–21 (4th ed. 1971); *see Colby v. Walker*, 86 N.H. 568, 571, 171 A. 774, 776 (1934). Equally inapplicable are the cases cited and the policy enunciated by the defendants and relied upon by the trial court, because those cases and related policy involved joint or concurrent tortfeasors.

 Although a release was traditionally considered to bar subsequent actions against treating physicians who aggravated the underlying injury, *see* Annot., 40 A.L.R.2d 1075, 1077 (1955), a growing number of jurisdictions now apply the modern or liberal rule that a release by an injured party of the one responsible for the injury does not by itself preclude the party from bringing an action against a negligently treating physician, unless the settlement fully compensated the injured party. Annot., 39 A.L.R.3d 260, 264 (1971). Significantly, the New Hampshire case of *Wheat v. Carter*, 79 N.H. 150, 106 A. 602 (1919), is recognized as one of the earliest applications of the doctrine that a release of the original tortfeasor does not of itself bar an action against a physician for negligent treatment of the injury. Annot., 40 A.L.R.2d 1075, 1086 (1955).

 In *Wheat v. Carter*, an employee injured his hand on the job and had the wound treated by physicians. The physicians X-rayed the hand, causing a severe burn. The employee gave a release to his employer for all claims arising out of the injury to his hand, but later brought suit against the physicians for the injury he sustained as a result of the X-ray burn. The physicians claimed that the release of the employer precluded the action. On those facts, this court held that the release given the employer was not by itself a bar to the suit. We stated that whether the release was a bar to suit against the physicians was an issue of fact dependent upon whether the employee had recovered all the loss he sustained, including loss due to the injury caused by the X-ray treatment. *Wheat v. Carter*, 79 N.H. at 151–52, 106 A. at 603. Moreover, we held that the issue was to be determined by the weight of the evidence, and that parol evidence relevant to the employee's intention in regard to releasing his employer was admissible, notwithstanding the fact that it might contradict the terms of the release. *Id.* at 152, 106 A. at 603.

 The approach set forth in *Wheat v. Carter* "is firmly supported not only by considerations of reason and basic fairness, but also by well-considered cases in other jurisdictions." *Derby v. Prewitt*, 12 N.Y.2d at 106, 187 N.E.2d at 560 (citing *Wheat v. Carter;* other citations omitted).

 Moreover, we agree with those jurisdictions which hold that the fact that a release, such as the release in the case at hand, pur-

ports to comprehend all claims arising from a particular incident, including claims against unspecified strangers, is not dispositive of the question whether the release bars later suit against a party not named in the release. *State ex rel. Normandy Orthopedics v. Crandall*, 581 S.W.2d 829, 833 (Mo. 1979) *(en banc); see Fieser v. St. Francis Hospital & School of Nursing, Inc.*, 212 Kan. 35, 41, 510 P.2d 145, 151 (1973).

■■ We hold that the trial court erred in refusing to consider parol evidence and when it placed the burden on the plaintiff to show by clear and convincing evidence that the release was not intended to release the defendants. Accordingly, we remand for a determination, based upon the weight of the evidence, whether the release encompassed all the plaintiff's damages, or whether the release was intended to release the physicians and the hospital. Because the assertion that the release bars the plaintiff's suit against the physicians and the hospital is an affirmative defense, the burden on remand is on the defendants to show that the release was intended to discharge them or that the plaintiff has received full compensation. *State ex rel. Normandy Orthopedics v. Crandall*, 581 S.W.2d at 834.

*Reversed and remanded.*

All concurred.