# Charleston.

## JOSEPH GRIFFIE *vs.* THOMAS McCLUNG.

### January Term, 1872.

A judgment against one joint trespasser is no bar to a suit against another for the same trespass; nothing short of full satisfaction, or that which the law must consider as such, can make such judgment a bar.

Action of trespass brought to August rules, 1865, in the circuit court of Kanawha county, by Joseph Griffie against Thomas McClung and others. Judgment for the defendant on the demurrers of the plaintiff to the pleas, at April term, 1869. The question considered by this court is clearly stated in the opinion of Maxwell, J.

The plaintiff appealed.

*Smith & Knight* for the plaintiff in error.

Joseph Griffie brought an action of trespass in the circuit court of Kanawha county, in 1865, against John Halstead, David L. Hounshell, Thomas McClung, Edward McClung, William McClung, Joseph Crane, John Sydenstricker and George M. Thompson, and at the December term of said circuit court the plaintiff obtained a judgment against all of the defendants for two thousand five hundred dollars, with interest from March 4th, 1865, until paid, and costs of suit. This judgment was subsequently, to-wit, at the October term, 1867, of said circuit court, set aside on notice and motion under the statute, as to said Thomas McClung alone, on the ground that he was an infant when the same was rendered. The case was thereupon remanded to rules as to the said Thomas McClung, and a guardian *ad litem* appointed and the cause matured as to all.

When the cause was matured upon the docket as to said Thomas McClung, he, by his guardian *ad litem*, tendered three special pleas, to each of which the plaintiff objected, and his objections were overruled by the court and the pleas ordered to be filed. The plaintiff then demurred to each of the said special pleas, and the defendant joined in the demurrer, and the court overruled the demurrer and gave judgment for the defendant.

The first plea sets up the judgment against Halstead and others, before referred to, as a bar to the action against Thomas McClung.

The second plea sets up the same judgment and issue of two executions upon said judgment, to-wit, one December 28th, 1866, and the other February 15th, 1867, as a bar to the action against the said Thomas McClung.

The third plea sets up the judgment and execution mentioned in the second plea, and third execution issued December 14th, 1867. See printed record, pages 11, 12 and 13.

Neither of the pleas allege a payment of the judgment or executions, in whole or in part.

All three of the pleas are bad, and formed no defense to the action. If it ever has been decided that a judgment or judgments and issue of execution against one joint trespasser is a bar to the prosecution of a suit against his co-trespasser, such decision has long since been overruled, and it is now the well settled law that nothing but actual satisfaction for the trespass, or what is equivalent thereto, will bar such suit. See *Lovejoy* vs. *Murray*, 3 Wallace, p. 1; *Swope* vs. *Courtney*, 1 Cranch C. C. Rep., p. 33; *Bloss* vs. *Pymale*, 3 Hagans, p. 393.

The Code of West Virginia, which was in operation when these pleas were passed upon, also settles the principles involved in the pleas. See Code of West Va., p. 644, § 7, 8 and 9.

*Price* and *Mollohan & Nash* for the defendant in error.

In the event that the court should reverse the judgment of the court below, then it is contended that the judgment upon the verdict should be set aside as to all the defendants, and a new trial granted to all. *Vandever* vs. *Roberts*, 4 W. Va., 493–5.

Is the judgment wrong as to McClung? The authorities are in conflict upon the subject. The court may either re-

verse or affirm the judgment, and be sustained by respectable authorities. The English authorities are all in favor of the judgment. They present an unbroken series. Yelverton, 67; Moore, 672; *King* vs. *Hear*, Bellieson and Welsby, 504; *Leachmere* vs. *Fletcher*, 1 Compton and Meeson, 634; *Buckland* vs. *Johnson*, 8 Eng. Com. L. R., 148.

In the State courts the decisions have been contradictory. *Wilks* vs. *Jackson*, 2 Hen. and Munf., 355; *Hunt et al.* vs. *Bales*, 7 Rhode Island R., 217; *Rodgers et al.* vs. *Moore*, 1 Rice S. C. R., 60; *Floyd* vs. *Brown*, 1 Rawle., 121; 4 do., 288; *Fox* vs. *Northern Liberties*, 3 Watts and Sergt., 103–5; do., 9–17; *Norris* vs. *Beckman*, 5 Mills Consl. R. S. C., 228; *Johnson et al.* vs. *Packer*, Nott. and McCord, 1; *Welburn* vs. *Bogan*, 1 Spear. 179; *Trafton* vs. *U. S.*, 3 Story, 646; *Town of Marlborough* vs. *Sesson*, 31 Con. R., 332; *Ayres* vs. *Ashmead*, 31 Con. R., 447; *Livingston* vs. *Bishop*, 1 John. R., 290; *White* vs. *Philbuck*, 5 Greenleaf, 147; *Campbell* vs. *Philips*, 1 Pickering, 65.

These authorities are all referred to and commented on in the case of *Lovejoy* vs. *Murray*, 3 Wallace, 1, and it is conceded that that case is against the judgment. But the judge delivering the opinion of the court conceded that the English cases, and many of the American cases, were against him.

The act of assembly referred to in the appellant's brief could not affect a case then pending, or interfere in any wise with the rights of the parties.

MAXWELL, J. Griffie brought an action of trespass against several persons, of whom the defendant, Thomas McClung, was one; and on the 8th day of December, 1866, obtained a judgment against six of the parties, including the defendant, McClung. Afterwards, on the 4th day of April, 1867, said McClung made a motion to set aside the judgment as to him, because at the time it was rendered he was an infant under twenty-one years of age, and afterwards, on the 19th day of October, 1867, the said judgment was set aside as to him. And afterwards the cause came on to be tried against the said McClung, when he filed three pleas in bar, which were demurred to, and the demurrer overruled and the pleas sustained and judgment rendered for the defendant, and from this judgment the appeal in this cause is taken. The pleas

set up in different forms the fact that the plaintiff has already a valid subsisting judgment against other parties for the same cause of action, on which judgment writs of *fieri facias* had been issued.

The appellant insists that the judgment of the court is erroneous, because the pleas do not aver that the judgment for the same cause of action had been released or satisfied. There is some difference between the English courts and some of the courts of this country as to what will amount to a release of joint trespassers, but the authorities have all been lately reviewed by the supreme court in the case of *Lovejoy* vs. *Murray*, 3 Wallace, p. 1, and held by that court that a judgment against one joint trespasser is no bar to a suit against another for the same trespass, and that nothing short of full satisfaction, or that which the law must consider as such, can make such judgment a bar. The same principle was in substance held by this court in the case of *Bloss* vs. *Plymale*, 3 W. Va., 393.

We do not think it necessary to re-examine the authorities in this case, but upon the authority of *Lovejoy* vs. *Murray*, think the court below erred in overruling the demurrer and sustaining the defendant's pleas.

The defendant has given notice that the appellee will rely upon the fact that an error was committed by the circuit court in not setting aside the whole judgment as to all the defendants, when it set it aside as to the defendant McClung. The only parties to this appeal are the plaintiff, Griffie, and the defendant, Thomas McClung, and it could not be to the prejudice of McClung that at the time the judgment was set aside as to him, it was not set aside as to the other defendants, and he cannot complain of it. No opinion is therefore expressed as to whether the court did or did not commit any error in that respect.

For the error of the court in overruling the demurrer and sustaining the pleas, the judgment complained of will have to be reversed at the cost of the appellee, and the cause remanded.

The other judges concurred.

JUDGMENT REVERSED.