JULIO MIER, *an infant, etc. v.* S. F. YOHO *and* O. P. WILSON

(CC 483)

Submitted October 18, 1933. Decided October 31, 1933.

*Everett F. Moore* and *Evans & Evans,* for plaintiff.
*Riley & Riley* and *Martin Brown,* for defendants.

MAXWELL, PRESIDENT:

This is a certification from the circuit court of Marshall County. Special pleas were filed by defendants to plaintiff's declaration. The trial court overruled demurrers to the special pleas and certified here the question of the sufficiency of the pleas.

Plaintiff sues as guardian of his infant son who was struck by a truck belonging to Nassif Candy Company and sustained a compound fracture of the right femur. He was treated for his injury by defendants, physicians, at the solicitation of his father, later appointed guardian. A compromise settlement was made by the guardian with the candy company and a release executed by him to it.

Plaintiff seeks by this action to recover damages of defendants for their alleged negligent and unskillful treatment of the injury of his ward, alleging that the bone was not properly set; that it has failed to unite properly; that the injured leg is shorter than the other, and that as a consequence "it is necessary that said bone be again broken and properly re-set."

Defendants, by their special pleas, aver that the release executed to the candy company, by plaintiff's guardian, in pursuance of an order of court, entered under Code 1931, 44-10-14, likewise releases and discharges them from all liability for negligence charged to them.

The specific question for our determination therefore is this: Does a release of one whose negligence occasions physical injury to a person also release a physician, chosen with due care by the injured person, or one acting for him, whose negligent treatment aggravates the injury so as to constitute a bar to an action by the injured person against the physician?

The plaintiff contends that the cause of action against the tort-feasor who first negligently injured his ward is separate and distinct from the cause of action against the physician who is alleged to have aggravated the injury because of unskillful and negligent treatment, and that therefore recovery or settlement with the first tort-feasor is no bar to a subsequent action against the other. The following cases are

cited: *Parkell* v. *Fitzporter*, 256 S. W. (Mo.) 239; *Vüta* v. *Dolan*, 155 N. W. (Minn.) 1077; and *Staehlin* v. *Hochdoerfer*, 235 S. W. (Mo.) 1060.

It is the contention of defendants that a recovery cannot be had of them because their alleged maltreatment of plaintiff's injury is a proximate result of the negligence of the candy company and that inasmuch as plaintiff has released the candy company they are likewise released.

Most of the authorities support the latter proposition.

The almost universal rule follows: ''It is a general rule that if· an injured person uses ordinary care in selecting a physician * * *, the law regards an injury resulting from mistakes of the physician or his want of skill, or a failure of the means employed to effect a cure, as a part of the immediate and direct damages which naturally flow from the original injury.'' 8 Ruling Case Law, p. 449. ''The law regards the negligence of the one who caused the original injury as the proximate cause of the damages flowing from the negligence of the physician, and holds him liable therefor.'' *Keown* v. *Young*, 283 Pac. (Kan.) 511. Other cases in accord: *Milks* v. *McIver*, 263 N. Y. Supp. 595; *Fisher* v. *Ry. & Light Co.*, 180 N. W. (Wis.) 269; *Suelzer* v. *Carpenter*, 107 N. E. (Ind.) 467; *Dewhirst* v. *Leopold*, 229 Pac. (Cal.) 30; *Staehlin* v. *Hochdoerfer, supra; O'Quinn* v. *Alston*, 104 So. (Ala.) 653; *Yarbough* v. *Hines*, 192 Pac. (Wash.) 886; *Seeton* v. *Town of Dunbarton*, 59 Atl. (N. H.) 944; *Reed* v. *City of Detroit*, 65 N. W. (Mich.) 967; *Gray* v. *Ry. Co.*, 102 N. E. (Mass.) 71. This is true even though greater medical skill might have minimized the injury. *Wyatt* v. *Russell*, 162 Atl. (Pa.) 256.

The alleged unsatisfactory results of the defendants' treatment of plaintiff's ward being deemed a proximate result of the original injury, and the original tort-feasor being liable for the full consequences, it follows that a settlement with the tort-feasor and a release and discharge of it of all further liability operates as an acquittance of the whole matter. ''Injured person's release of truck owner and driver from liability for injuries prevented recovery by injured person from physician for negligent treatment.'' *Milks* v. *McIver, supra.* Where the aggravated conditions due to maltreatment

by the physician appear to have been known to the parties at the time of the execution of the release, "the settlement was clearly made with a view to covering all those elements of damages. They were known to exist by the parties to the release, and the settlement was made with reference to them. * * * It is a well-settled doctrine of the law that complete satisfaction for an injury received from one person in consideration of his release operates to discharge all who are liable therefor, whether they be joint or several wrongdoers." *Martin* v. *Cunningham*, 161 Pac. (Wash.) 355; *Keown* v. *Young, supra.* Accord: *Hooyman* v. *Reeve*, 170 N. W. (Wis.) 282, and *Staehlin* v. *Hochdoerfer, supra.* In the petition filed in the circuit court by the plaintiff, preparatory to settlement with the candy company, it was averred that after the discharge of plaintiff's ward from the hospital discovery was made that the union of the broken bone was imperfect "on account of the same having been improperly set and thereafter treated * * *." So, it appears that the alleged malpractice of the defendants was an element then being considered. But even if not then considered, the general rule is the same.

Plaintiff contends that the candy company and defendants are joint tort-feasors. Reliance is therefore had upon our statute, Code 1931, 55-7-12, as authority for the proposition that plaintiff's release of the candy company does not inure to the benefit of defendants and is not a bar to an action by plaintiff against them. The statute follows:

"A release to * * * tort feasors * * * shall not inure to the benefit of another * * * tort feasor, and shall be no bar to an action or suit against such other * * *. tort feasor, for the same cause of action to which the release * * * relates."

While the statute does not use the term *joint tort-feasor*, it appears from the Revisers' note, citing the case of *Leisure* v. *Traction Co.*, 85 W. Va. 346, 101 S. E. 737, that the statute is intended to apply to "all joint wrongdoers." But, are defendants and the Nassif Candy Company joint tort-feasors? The authorities make it clear that in such circumstances the relationship of joint tort-feasors does not exist. "Where

servant's leg was broken through negligence of employer, and thereafter through negligent treatment by the physician of the injury it became necessary to amputate the leg the employer and the physician * * * were not joint tort-feasors, for the tort of each, being several when committed, did not become joint because its consequences united with the consequences of the other." *Staehlin* v. *Hochdoerfer, supra.* "A railway company, through whose negligence plaintiff's wrist was fractured, and a physician, who treated the fracture so negligently as to cause partial loss of the use of the arm, were not joint tort-feasors * * *." *Fisher* v. *Milwaukee Ry. Co.,* 180 N. W. (Wis.) 269.

The late case of *Phillips* v. *Werndorff*, (Iowa) 243 N. W. 525, presents full discussion of the principles involved in the instant case.

We therefore affirm the judgment of the trial court in overruling the demurrer to the special pleas.

*Affirmed.*