JOSEPH CONLEY *v.* DAVID H. HILL *et al.*

(CC 497)

Submitted May 15, 1934. Decided June 5, 1934.

176

*Lilly & Lilly,* for plaintiff.

*Steptoe & Johnson* and *Stanley C. Morris,* for defendants.

WOODS, PRESIDENT:

This certificate from the circuit court of Kanawha county involves the sufficiency of a declaration, certain special pleas and a special replication. The circuit court overruled the demurrers to the declaration and the replication, and sustained the demurrers interposed to the special pleas.

The plaintiff, who suffered a fracture of one of the bones in his left leg on December 31, 1931, seeks to recover damages to the extent of $15,000.00 for an aggravated condition alleged to be due to the failure of the Kanawha Valley Hospital, by and through its physicians and nurses, and a certain physician, David H. Hill, who is connected therewith, to exercise due care. The action was instituted September 3, 1932.

That the declaration is insufficient is apparent. It is based primarily upon the averment of mere legal conclusions, and is signally lacking in its averment of the ultimate facts necessary to apprise the defendants of the negligence complained of and to enable them to prepare their defense. No attempt is made to point out any specific acts of omission or commission giving rise to the claim for damages, nor to indicate the nature or extent of the resultant injury. It is a fundamental rule that a declaration charging malpractice, as any other declaration based on negligence, must set forth in plain and concise language facts from which appear a duty resting

upon the defendant to use proper care under the circumstances; negligence in the exercise of that duty; and consequent injury to plaintiff as a proximate result of such negligence. *Gorsuch* v. *Woolworth & Co.,* 104 W. Va. 98, 139 S. E. 472; *Owen* v. *Appalachian Power Co.,* 78 W. Va. 596, 89 S. E. 262; *Phenix Fire Ins. Co.* v. *Virginia-Western Power Co.,* 81 W. Va. 298, 94 S. E. 372; *Hannum* v. *Hill,* 52 W. Va. 166, 43 S. E. 223; *Poling* v. *Ohio River R. Co.,* 38 W. Va. 645, 18 S. E. 782. The demurrer to the declaration should have been sustained.

The defendants, in addition to a plea to the general issue, interposed their special pleas Nos. 1 and 2, which were based on a release (bearing date January 19, 1932) in favor of the original wrongdoers, which release the defendants claim (citing *Mier* v. *Yoho,* 114 W. Va. 248, 171 S. E. 535) extinguished any right of action the plaintiff then had, or thereafter may have acquired, against them, including aggravation of the injury, due to malpractice by a physician.

The release, which is set out in extenso in special plea No. 2, after reciting the receipt of a consideration, purports to "remise, release and forever discharge the said Ralph Horton and Betram Horton (the original wrongdoers), * * * of and from all * * * actions, causes of action, suits, * * * and liability whatsoever, both in law and equity, or which may result from the existing state of things, more especially in consequence of an accident occurring December 31, 1931, in South Charleston, West Virginia, on any and all loss or injury sustained by me or which hereafter may be sustained by me by reason of said accident, and from all claims I now have, or ever had, from the beginning of the world to the day of the date of these presents."

In view of the foregoing we would be warranted, under the law, in presuming that the injured party had considered not only his condition at the time of the execution of the release, but the probable consequences of the injury as well, such as pain and suffering, loss of time, medical attendance and support during his anticipated disablement, and such permanent injury and con-

tinuing disability as might naturally result from the injury. "Knowledge of injuries which may develop in the future from the accident is not necessary to support an intention to release all liability for the result of such accident, prospective as well as present." 23 R. C. L. 400. See *Quebe* v. *Gulf, etc., R. Co.,* 98 Tex. 6, 81 S. W. 20. But can it be said that the language under consideration contemplates a release of the original wrongdoers from any subsequent aggravation of the original injury due to acts of omission or commission of a physician, or the agents of a hospital? A person does not anticipate that those called upon to treat his injury will so negligently perform their services as to aggravate the condition. So, we are of opinion that the demurrers to the special pleas Nos. 1 and 2 should have been sustained, and the pleas stricken.

While the foregoing action on pleas Nos. 1 and 2 makes a decision on the sufficiency of the plaintiff's special replication thereto unnecessary, such pleading contains certain allegations of fact, not appearing in the declaration, which indicate the nature of the plaintiff's present claim, and, therefore, have a material bearing on the sufficiency of special plea No. 3, with which we will deal presently. The special replication states that the plaintiff's leg was placed in a cast on the 8th or 9th of January, 1932, that plaintiff was released from the hospital on January 20th (two days after the execution of the release heretofore referred to), and that the defendants, up to July, 1932, had repeatedly advised plaintiff that his leg was in good condition.

In special plea No. 3, the defendant set up, among other things, the fact that the plaintiff did, at April Rules, 1932, institute a certain action of trespass on the case in assumpsit against one Ralph Horton and Bertram Horton, in the sum of $15,000, for damages proximately caused by the negligent acts of said Hortons; and, that, on July 20, 1932, the following order of dismissal was entered in the case, to-wit:

"This day came the plaintiff and defendants by their respective counsel thereupon plaintiff

> by his counsel stated to the Court that he does not desire to prosecute this said action further, thereupon defendants by counsel moved the Court to dismiss said action and there being no objection thereto it is ordered that this action be and the same is hereby dismissed with prejudice at the cost of the plaintiff, the said plaintiff to pay to defendants their costs in and about the defense of this action expended."

Such dismissal, the plea further alleges, amounts to and is a binding release of any and every claim which the said plaintiff had up to the time of its entry against the Hortons, and, therefore, was and remains a perpetual bar to the present action.

It is quite clear, assuming the release of January 18th to be binding, that any recovery had under the action of April, 1932, against the Hortons necessarily must have been limited to an aggravated condition attributable to acts or omissions in plaintiff's treatment prior to the institution of said action.

This court held in point 2, syllabus, *Mier v. Yoho, supra,* that "An injured person's unqualified release of tortfeasor from liability for personal injuries, which release was made after receiving treatment of a physician for such injuries, prevents recovery by injured person of the physician for alleged negligent treatment." Therefore, the dismissal, "with prejudice", being determinative of plaintiff's rights against the original wrongdoers, under the case of *Mier v. Yoho, supra,* extinguishes any rights theretofore had against the defendants due to any act of malpractice up to the date of the institution of said action. Since there is nothing in the declaration, as it now stands, to indicate that the malpractice charged against the defendants was committed after the institution of the action against the Hortons, the demurrer to the special plea No. 3 should have been overruled, and the plea sustained.

We therefore reverse the ruling of the circuit court wherein it overruled the demurrer to the declaration, and sustain the demurrer thereto; affirm its action in sustain-

ing the demurrers to special pleas Nos. 1 and 2; and reverse the ruling of the circuit court in sustaining the demurrer to the special plea No. 3, and overrule the demurrer thereto.

*Affirmed in part; reversed in part; cause remanded.*