The petition for removal was filed in time and the motion to remand will be overruled.

**MAINFORT, Jr., Plaintiff, v. GIANNESTRAS, Defendant.**

Common Pleas Court, Hamilton County.

No. A-120123. Decided April 10, 1951.

381

Robert E. Steman, Cincinnati, for plaintiff.
Leo J. Brumleve, Jr., Cincinnati, for defendant.

## OPINION

By WEBER, J.

This matter comes before the court on the arguments and briefs of counsel for and against a motion to strike the second paragraph of the defendant's second amended answer and a demurrer to the second and third defenses of the second amended answer.

The petition claims damage against the defendant, a physician and surgeon, caused by the negligent manner in which the defendant performed an operation to lengthen the plaintiff's left leg which had shortened approximately one and one-

half inches as a result of a previous accident. The first defense is a general denial of negligence.

The second paragraph of the amended answer sets forth facts which it is alleged were connected with said prior accident and previous treatment thereof by another physician and surgeon. The second defense sets forth that a suit was filed against the person who caused said prior accident and that in said suit an entry was filed reading in part: "The same shall be in full satisfaction and discharge of any and all claims for damages by the plaintiff which now exist or which hereinafter arise in any manner out of the accident complained of by the plaintiff in his declaration filed in this action"; and that said settlement was consummated in full June 10, 1948.

In support of said second paragraph and the second defense as proper pleadings, the defendant relies upon the case of **Tanner v. Espey, 128 Oh St 82.**

"1. If one who has suffered personal injuries by reason of another's negligence exercises reasonable care in obtaining the services of a competent physician or surgeon, and such injuries are thereafter aggravated by the negligence, mistake or lack of skill of such physician or surgeon, such aggravation is a proximate result of the negligence of the original tort feasor, and he is liable therefor.

"2. If one has suffered personal injuries which thereafter were aggravated by the malpractice of an attending physician or surgeon, and then executes a valid, general and unconditional release to the original tort feasor, in full settlement for all present and future claims and causes of action, such release operates as a bar to an action against such physician or surgeon for such malpractice."

Plaintiff claims that this rule applies only to the negligence of a physician or surgeon which occurred prior to the settlement and that, since the defendant was employed and performed the operation seven months after the release was executed and after the leg had shortened and all the consequences of the original injury had occurred, the release does not constitute a defense to the present action. The release given in this case is "of all claims now existing and hereinafter arising in any manner out of the accident complained of." Although, in the case of Tanner v. Espey, supra, the negligence of the surgeon occurred prior to the execution of the release and the rule applied in that case uses the words "and then (that is, after the negligence of the surgeon occurred) executed a release," it is clear the application of the rule is not limited to such a situation. The test is whether the injuries caused by the negligence of the

surgeon are merely an aggravation of the original injury and are the proximate result of the negligence of the original tort feasor. The release pleaded comprehended not only the claims existing at the time of its execution but also all claims thereinafter arising in any manner out of the accident. The sole question is whether the negligence of the defendant surgeon aggravated the original injury or created an independent injury, unassociated with the original wrong and not reasonably forseeable by the original wrongdoer as a natural sequence of his wrong. The facts set forth in the second paragraph are intended to show a succession of events so linked together as to make a natural whole. Said facts are a necessary foundation for pleading the second defense and are a part of it. They are admitted by the demurrer. If proven, they may present to the jury, under proper instructions, the question whether the negligence of the defendant, if any, merely aggravated the original injury or brought into existence an independent injury; in other words whether such consequences arise in any manner out of the accident originally complained of and as a proximate and natural result thereof in an unbroken sequence. The allegation that the release is a bar to this action, considered in connection with the facts stated in paragraph 2 of the amended answer, by necessary implication makes the claim that the injuries complained of are the proximate result of the original wrong. If said injuries are found to be the result of a distinct and independent wrong the release is no bar to this suit. See Purchase v. Seelye, 231 Mass. 434, 121 N. E. 413.

The motion to strike the second paragraph of the second amended answer is denied and the demurrer to the second defense in the second amended answer is overruled.

The plaintiff also demurs to the third defense of the second amended answer which alleges—"that defendant advised the plaintiff that due to his diabetic condition there was a risk that a bone infection might develop notwithstanding that said treatment and operation would be done in strict and full accord with approved and proper medical methods and practices, that with full knowledge and appreciation of such dangers the plaintiff consented to the operation."

The plaintiff demurs on the ground that this plea of assumption of risk is not a sufficient defense to his claims of negligence on the part of the defendant. It is true that the doctrine of assumption of risk applies only with respect to the hazard of a situation already existing. If one has full knowledge of an open and visible condition, appreciates the dangers

incident thereto, and voluntarily acts with reference thereto, he assumes the risks of the attendant dangers. It is a matter of full knowledge and intelligent acquiescence. But a person cannot voluntarily act with reference to a condition or situation created by the negligence of another unless that negligence has previously occurred; he cannot assume the risks of a situation created by subsequent negligence. **Mudrich v. Standard Oil Company, 153 Oh St 31, 41 O. O. 117; Porter v. Toledo Terminal Railroad Company, 152 Oh St 463, 40 O. O. 485; Masters v. New York Central Railroad Company, 147 Oh St 293, 34 O. O. 223.**

The petition sets forth specific acts of negligence having to do with the manner in which the operation was performed. The plaintiff could not have full knowledge of and assume the risks of such acts of negligence, which, if committed, were committed after he gave his consent to the operation. Furthermore, a contract which expressly or impliedly exempts a person from liability for injuries caused by his future negligence is against public policy and void.

However, in ruling on the demurrer, it must be noted that the third defense does not claim that the plaintiff assumes the risks involved in negligent acts in the manner in which the operation was performed. The claim of assumption of risk is strictly confined to the consequences growing out of the diabetic condition, which condition, and the risks it attached to the operation, is alleged to have been fully made known to the plaintiff by the defendant before the plaintiff consented to the operation. This claim is a direct and pertinent answer to the allegations in the petition that the defendant was negligent in that he attempted to perform the operation, knowing that the plaintiff was diabetic. If it is conceded, as it must be, that the allegations of this defense may confuse the jury into believing that the plaintiff could and did assume the risks of all the acts of negligence pleaded, nevertheless it is directed against a specific act of negligence claimed in the petition and as to that claim it constitutes a valid defense. There is no defect in the pleading of this defense which can be reached by a demurrer. The defect, if any, must arise only if the scope of the defense is not properly limited by instructions to the jury.

The demurrer to the third defense is overruled.