386 S.E.2d 480

**Walter Robert SANSOM, Administrator of the Estate of Wilma Jean Sansom**

v.

**PHYSICIANS ASSOCIATES, INC.; Elias H. Isaac, M.D.; R.C. Shah, M.D.; Richard Thompson, M.D.; Raleigh General Hospital, etc.; and Diagnostic Radiology, Inc., etc.**

No. 18866.

Supreme Court of Appeals of West Virginia.

Oct. 27, 1989.

Harry G. Camper, Jr., Welch, Richard E. Hardison, Beckley, David R. Tyson, Huntington, for appellant.

David Shuman, Shuman, Annand & Poe, John Haight, Kay, Casto & Chaney, Charleston, for appellees.

PER CURIAM:

In this appeal from an order of the Circuit Court of Raleigh County entered on July 7, 1987, we are asked to determine whether the general releases executed by the plaintiff below, Walter Robert Sansom, in favor of the original tortfeasor bar recovery from the defendants below, Physicians Associates, Inc., et al., under *Thornton v. Charleston Area Medical Center,* 158 W.Va. 504, 213 S.E.2d 102 (1975). The trial court found that the releases explicitly discharged all persons who may be liable for damages related to the death of the plaintiff's wife, Wilma Jean Sansom, and granted the defendants' motion for summary judgment. We find the trial court erred as a matter of law, and, accordingly, the judgment of the trial court is reversed.

During the early morning hours of June 7, 1981, the plaintiff and his wife were riding in their automobile on the West Virginia Turnpike near Beckley. Another vehicle traveling in the opposite direction suddenly swerved and struck the plaintiff's car. The driver of the vehicle, Gerard L. Hairston, was intoxicated at the time of the accident and was killed in the accident. The plaintiff and his wife were taken to the emergency room at Raleigh General Hospital, where Mrs. Sansom was placed under the care of the defendants.

The following morning Mrs. Sansom's condition worsened, and she was diagnosed as having a rupture of the thoracic aorta. Mrs. Sansom collapsed before she could be transported to St. Mary's Hospital in Huntington for surgery, and a thoracotomy was performed in the operating room at Raleigh General. Mrs. Sansom died during surgery.

Almost one year after Mrs. Sansom's death, the plaintiff signed two releases dated June 2 and 29, 1982, explicitly discharging the estate of Mr. Hairston from liability in exchange for $95,000. On June 6, 1983, the plaintiff filed a medical malpractice action against the defendants, alleging that they were negligent in their diagnosis and treatment of Mrs. Sansom. On January 10, 1987, the defendants filed a motion for summary judgment on the ground that the plaintiff had released the defendants by executing the two contracts of release. The trial court granted the defendants' motion for summary judgment on June 12, 1987, and set forth the reasons for the decision in an opinion letter dated February 13, 1987.

On appeal, the plaintiff asks this Court to reverse the judgment of the trial court and to remand this case for a hearing to allow the plaintiff to introduce parol evidence to the jury concerning the intent of the parties executing the releases. The defendants contend that the terms of the releases are unambiguous and that parol evidence, therefore, is inadmissible.

■ In *Thornton,* 158 W.Va. at 513–15, 213 S.E.2d at 107–08, we adopted the rule which provides that a release of an original tortfeasor may not necessarily bar a further recovery against a successive and independent tortfeasor who is negligent in the treatment of the injury caused by the original tortfeasor. We stated in Syllabus Point 5 of *Thornton:*

"The execution of a general release in favor of the original tort-feasor or dismissal with prejudice of a civil action against such tort-feasor is *prima facie* evidence of the intention of the injured party to accept the same as full satisfaction of all damages which naturally flow

from the original injury, in the absence of language or circumstances in the release or dismissal indicating a contrary intention of the parties; but whether such release or dismissal is a bar to further action for malpractice against the treating physician or hospital providing care is a question of fact to be answered from the intention of the parties." [1]

We explained in some detail in *Thornton*, 158 W.Va. at 514, 213 S.E.2d at 108, why we believed the older rule, which created a conclusive presumption, was unfair:

"[T]here is an aspect of inherent unfairness in the ineluctable application of an irrebuttable presumption which holds that a release of an original tort-feasor executed after treatment of injuries operates as an absolute bar to a second action by the injured party against a physician or hospital for negligent treatment or care of the original injury. Such a rule may operate unjustly for the benefit of negligent parties who have caused great injury to a person by unskillful medical treatment or negligent hospital care in that it absolutely frees them from liability or obligation to contribute to the recovery which the law has characterized as total."

The defendants contend that although they are successive tortfeasors "in a strict sense," they should be treated as joint tortfeasors to determine the effect of the releases under the principles of *Doganieri v. United States*, 520 F.Supp. 1093 (N.D.W.Va.1981). *Doganieri*, however, is clearly distinguishable from the instant case since there was no separate successive tort alleged. There, the plaintiff had been shot by a hunter in the Monongahela National Forest. The plaintiff settled with the hunter and then brought suit against the United States, the owner of the forest, under the Federal Tort Claims Act, 28 U.S.C. § 2674. The government sought the benefit of the prior release, claiming that its liability, if any, was concurrent with the hunter's. The court found no successive negligence and granted summary judgment against the plaintiff.

■ Here, the alleged malpractice obviously did not occur at the time of the automobile accident, but arose after Mrs. Sansom had been taken to the hospital. The negligent acts of each of the defendants did not "in point of time and place concur," which is our test for joint or concurrent negligence. *See* Syllabus Point 2, *Lewis v. Mosorjak*, 143 W.Va. 648, 104 S.E.2d 294 (1958). *See also Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963); *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961). Thus, in this case, as in *Thornton*, the defendants were successive tortfeasors.

Moreover, in Syllabus Point 6 of *Thornton*, we stated:

"To determine the intention of the parties with reference to release of successive tort-feasors, the injured party is entitled to introduce parol evidence to explain the terms of a contract of release in favor of, or the circumstances attendant to a dismissal with prejudice of a civil action against, the original tort-feasor."

This language indicates that once a successive tortfeasor relationship is found to exist, the injured party is entitled to introduce parol evidence with regard to the release to explain what was intended. This rule does

**1.** In *Thornton*, 158 W.Va. at 513, 213 S.E.2d at 107, the Court cited these cases as supporting its rule:

"*Cimino v. Alway*, 18 Ariz.App. 271, 501 P.2d 447 (1972); *Ash v. Mortensen*, 24 Cal.2d 654, 150 P.2d 876 (1944); *Knight v. Lowery*, 228 Ga. 452, 185 S.E.2d 915 (1971); *Smith v. Conn*, 163 N.W.2d 407, 39 A.L.R.3d 251 (Iowa 1968); *Fieser v. St. Francis Hospital and School of Nursing, Inc.*, 212 Kan. 35, 510 P.2d 145 (1973); *Selby v. Kuhns*, 345 Mass. 600, 188 N.E.2d 861 (1963); *Couillard v. Charles T. Miller Hospital, Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958); *Hansen v.*

*Collett*, 79 Nev. 159, 380 P.2d 301 (1963); *Wheat v. Carter*, 79 N.H. 150, 106 A. 602 (1919); *Daily v. Somberg*, 28 N.J. 372, 146 A.2d 676, 69 A.L.R.2d 1024 (1958); *Derby v. Prewitt*, 12 N.Y.2d 100, 236 N.Y.S.2d 953, 187 N.E.2d 556 (1962); *Galloway v. Lawrence*, 263 N.C. 433, 139 S.E.2d 761 (1965); *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971); *DeNike v. Mowery*, 69 Wash.2d 357, 418 P.2d 1010 (1966)."
*See also Williams v. Physicians & Surgeons Community Hosp., Inc.*, 249 Ga. 588, 292 S.E.2d 705 (1982); Annot., 39 A.L.R.3d 260 (1971).

not require, as does the ordinary parol evidence rule, that there be some ambiguity in the release.[2]

In the instant case, two releases were signed by the plaintiff. The first release was a standard form releasing the estate of Gerard L. Hairston from liability for the "injuries" to Mrs. Sansom which resulted from the accident. The second release executed by the plaintiff contains, in part, the following general language:

"The undersigned hereby releases and forever discharges Gerard L. Hairston, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable ... from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of the death of Wilma Jean Sansom, which resulted from an accident which occurred on or about the 7th day of June, 1981, at or near WV Turnpike about seven miles north of Beckley toll gate, Beckley, Raleigh County, West Virginia."

 The trial court found that the release language referring to "all other persons, firms or corporations" indicated that the plaintiff intended to discharge the defendant doctors from any claim of liability. However, it is clear that the malpractice was a successive tort. There was no language in the release naming the successive tortfeasors. Consequently, under *Thornton,* the plaintiff had a right to introduce parol evidence to show or to explain the circumstances surrounding the release and the plaintiff's intention with regard to it.

It is generally held that in this situation two substantial issues of material fact exist: (1) whether the release given to the original tortfeasor was intended to release the successive defendants; and (2) whether the monetary recovery from the original tortfeasor included damages for both the original tort and the subsequent tort of negligent treatment. Both of these questions are normally for the trier of fact.

*Williams v. Physicians & Surgeons Community Hosp., Inc.,* 249 Ga. 588, 292 S.E.2d 705 (1982); *Wecker v. Kilmer,* 260 Ind. 198, 294 N.E.2d 132 (1973); *Fieser v. St. Francis Hosp. & School of Nursing, Inc.,* 212 Kan. 35, 510 P.2d 145 (1973); *Morgan v. Cohen,* 309 Md. 304, 523 A.2d 1003 (1987); *Scheideler v. Elias,* 209 Neb. 601, 309 N.W.2d 67 (1981); *DeNike v. Mowery,* 69 Wash.2d 357, 418 P.2d 1010 (1966); *Harris v. Grizzle,* 599 P.2d 580 (Wyo.1979).

Because genuine issues of material fact exist as to the parties' intention in executing the releases, it was reversible error for the Circuit Court of Raleigh County to grant the defendants' motion for summary judgment.

For the foregoing reasons, the judgment of the Circuit Court of Raleigh County is reversed, and this case is remanded.

Reversed and Remanded.

---

**2.** It could be argued, however, that an ambiguity exists where the successive tortfeasor is not specifically mentioned in the original release.