709 S.E.2d 561

**MULTIPLEX, INC., Plaintiff Below, Appellant**

v.

**RALEIGH COUNTY BOARD OF EDUCATION and School Building Authority of West Virginia, Defendants Below, Appellees.**

No. 35721.

Supreme Court of Appeals of West Virginia.

Submitted April 13, 2011.

Decided April 28, 2011.

Gregory A. Hewitt, Esq., Hewitt & Salvatore, PLLC, Fayetteville, WV, Attorney for Multiplex, Inc.

Kenneth E. Webb, Jr., Esq., Michael J. Schessler, Esq., Bowles, Rice, McDavid, Graff & Love LLP, Charleston, WV, Attorneys for the Raleigh County Board of Education.

PER CURIAM:

The Appellant, Multiplex, Inc., ("Multiplex") appeals the March 24, 2010, order of the Circuit Court of Kanawha County dismissing its civil complaint against the Appellees, Raleigh County Board of Education ("Board of Education") and School Building Authority of West Virginia ("SBA"). Having fully considered the record before us, the briefs and arguments of the parties, we reverse the circuit court and remand this matter for further proceedings consistent with this Opinion.

## I.

### Facts and Background

In 2005, Multiplex entered into a construction contract with the Board of Education to build an extension to Independence High School in Raleigh County, West Virginia. The construction project was funded through the SBA. At one of the pre-construction meetings, the Board of Education instructed Multiplex not to do any more work on the project until utility lines had been relocated. Under the terms of the contract, the relocation of the utility lines was the responsibility of the Board of Education. More than six months later, the Board of Education instructed Multiplex to recommence work on the project.

Multiplex did recommence its work on the project. However, in August 2006, it filed suit against the Board of Education seeking to terminate its contract and collect damages caused by the delay. Multiplex alleged in the 2006 civil complaint that Section 14.1.2 of the contract entitled it to terminate the contract because the Board of Education's relocation of the utility lines caused a delay of more than 120 days in any 365–day period and that Section 14.1.3 of the contract gave Multiplex a cause of action for damages caused by such delay. On April 25, 2007, a settlement agreement was reached in which the Board of Education agreed to pay Multiplex $183,143.00. A "Release in Full of All Claims" ("Release") was executed reflecting the terms of the settlement agreement.

Key provisions of the Release included the following (emphasis added):

[Multiplex, Inc., in consideration of the payment of $183,143.00] do[es] hereby release and forever discharge the Board of Education ... of and from all claims, demands, damages, actions, causes of action, and suits at law or equity that [Multiplex] may have, including past, present and future, both known or unknown, of whatsoever kind or nature, for *or arising out of those certain alleged wrongful acts alleged in the Complaint filed in Civil Action No. 06–C17–47* [.]

It is expressly understood and agreed that this Release is intended to extend to any and all claims, injuries and damages sustained by Multiplex, Inc., without exception *arising out of the alleged wrongful acts set forth in the aforementioned Complaint,* including claims for loss of service, business opportunities, past or future expenses or loses of any kind, past and future lost wages or earning capacity, punitive damages, and any and all other forms of recoverable compensation or damages, even to the extent that such injuries or damages may not be known or apparent at this time.

Following the settlement agreement, Multiplex continued its work on constructing the extension for Independence High School. However, in 2009, Multiplex filed a new civil action alleging that the Board of Education had caused a "considerable delay" in the project (caused by the installation of tiles and roof top HVAC units) and that as a consequence of the delay Multiplex was entitled to damages pursuant to the terms of the contract. The damages sought by Multiplex included $173,898.18 for delays associated with the roof top units, $11,326.66 for an unpaid change order, $80,298.88 reflecting the difference between the contract specified payment for tile work and the cost actually incurred as a result of delays, lost profit in the amount of $18,575.86, and approximately 122 days of additional office overhead at a cost of $140,298.88.

In response, the Board of Education moved to dismiss the complaint pursuant to Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure*. In support of its motion, the Board of Education argued that Multiplex's 2006 Release barred Multiplex from filing a lawsuit for damages based upon delays in the construction contract and that the circuit court should enforce the Release by dismissing Multiplex's civil complaint. In response, Multiplex argued that the Board of Education was giving the Release too broad of a reading and that the Release pertained only to damages, known and unknown, it had incurred as a result of the Board of Education's failure to timely relocate utility lines at the construction site, as alleged in the 2006 complaint, and did not bar suit for damages related to the new delays alleged in its 2009 civil suit.

The circuit court agreed with the Board of Education, finding that the Release signed by Multiplex barred future suits based on delays caused by the Board of Education and, based on that finding, dismissed Multiplex's civil complaint in an order entered March 24, 2010.

## II.

### Standard of Review

■ We have previously held that "[a]ppellate review of a circuit court's order grant-ing a motion to dismiss a complaint is *de novo.*" Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

## III.

### Discussion

In dismissing Multiplex's civil action, the circuit court found that:

> ... under the broad but clear and unambiguous meaning of the word used to describe the scope of the release to the Raleigh County BOE, a settlement between Multiplex and the Raleigh County BOE was struck as to all claims related to owner caused delays on the Project that is binding and enforceable against Multiplex.

Based on this finding, the circuit court held that Multiplex was not entitled to repudiate its prior settlement agreement by maintaining a new civil lawsuit based on allegations that it had been damaged by new and different wrongful delays caused by the Board of Education. We find this conclusion to be in error.

■ A plain reading of the Release entered into by Multiplex clearly evidences that the scope of the Release was limited to events "arising out of the alleged wrongful acts set forth in the aforementioned Complaint," with the aforementioned complaint being that filed by Multiplex in 2006. The "alleged wrongful acts" in the 2006 complaint were that the Board of Education had failed to timely relocate utility lines which caused a delay in the construction project. In other words, the cause of action was a delay, and the factual circumstances giving rise to the cause of action was the failure to timely relocate the utility lines.

While the cause of action in Multiplex's 2009 complaint was also based on a delay in the construction project, the factual circumstances giving rise to that cause of action are completely different and are not events "arising out of the alleged wrongful acts set forth in the [2006] Complaint." The events in the 2009 complaint are new delays constituting separate causes of action that had not even

occurred at the time of the 2006 complaint, or at the time the Release was executed.

■ We have previously held that "[a] release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties at the time of its execution." Syllabus Point 2, *Conley v. Hill*, 115 W.Va. 175, 174 S.E. 883 (1934), *overruled on other grounds, Thornton v. Charleston Area Medical Center*, 158 W.Va. 504, 213 S.E.2d 102 (1975). The Release plainly states only events relating to the alleged wrongful acts set forth in the 2006 complaint were released. It is obvious to this Court that the parties contemplated that the release extended only to delays caused by the Board of Education's relocation of the utility lines as set forth in the 2006 complaint. Accordingly, the circuit court erred when it dismissed Multiplex's 2009 civil complaint on the grounds that the 2007 Release barred Multiplex from filing any other lawsuit based on delays in the construction project.

## IV.

### Conclusion

For the reasons set forth herein, we reverse the circuit court and remand this matter for further proceedings consistent with this Opinion.

Reversed and Remanded.